IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QBE INSURANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 9512 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| BARRIER CORPORATION, an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff QBE Insurance Corporation ("QBE") filed a one-count complaint against defendant Barrier Corporation ("Barrier"), seeking a declaratory judgment that a prior ruling by the Circuit Court of Cook County is res judicata as to whether it has a duty to defend Barrier in an underlying state court action. Barrier answered QBE's complaint, asserting several affirmative defenses, and also counterclaimed against QBE, seeking a declaratory judgment that QBE has a duty to defend it in the underlying action. Both parties have moved for judgment on the pleadings. For the reasons discussed below, QBE's motion for judgment on the pleadings is granted and Barrier's motion for judgment on the pleadings is denied.

## BACKGROUND

From May 31, 2002, to May 31, 2006, QBE insured Barrier pursuant to a Commercial General Liability Insurance Policy. During the policy period, Barrier performed work as a subcontractor on a residential condominium building, known as the Wing Street of Arlington Heights Condominiums, in Arlington Heights, Illinois (the "project"). After the project was completed in 2010, Barrier, along with other subcontractors and contractors that worked on the

project, was sued by the condominium association and board of directors in the Circuit Court of Cook County, Illinois, in a case entitled <u>Wing Street of Arlington Heights Condo. Ass'n v. Village Green, LLC</u>, No. 10 L 4330 (the "underlying action"). Barrier was first named as a defendant in the underlying action's second amended complaint.

Barrier tendered its defense to QBE for the first time upon the filing of a third amended complaint in the underlying action. QBE accepted the tender of defense subject to a reservation of its rights. QBE subsequently filed an amended complaint for declaratory judgment in the Circuit Court of Cook County, Illinois ("Circuit Court declaratory judgment action"), against Barrier and the plaintiffs in the underlying action.[1] QBE's amended complaint consisted of two counts. In Count I, QBE sought a declaration that it had no duty to defend Barrier in the underlying action because the underlying plaintiffs had not alleged "property damage" or "an occurrence" as defined by the policy. In Count II, QBE sought a declaration that Barrier breached the insurance policy's notice requirement[2] by not notifying QBE of the complained of damage until nearly eight years after it occurred.

QBE and Barrier each moved for summary judgment. The Circuit Court denied Barrier's motion for summary judgment and granted QBE's motion, holding that QBE had no duty to defend Barrier in the underlying action for two reasons. First, the Circuit Court held that "the

---

[1] Under Illinois law, QBE was required to name the underlying plaintiffs as defendants in its declaratory judgment action even though it did not seek any relief from them. See, e.g., <u>Fathers of the Order of Mount Carmel, Inc. v. National Ben Franklin Ins. Co. of Illinois</u>, 697 F. Supp. 971, 973 (N.D. Ill. 1988).

[2] Section IV(2)(a) of Barrier's insurance policy stated that "You must see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim."

2

underlying complaint does not allege any damage to something other than the structure or Project itself," which does not qualify as an "occurrence" under the insurance policy. Second, the Circuit Court found that Barrier's seven-year delay in alerting QBE to its defective workmanship, which it allegedly had notice of in 2003, was not reasonable, and therefore constituted "a breach [of the policy's notice requirement] that precludes Barrier's right to enforce the insurance policy."

On January 24, 2014, the underlying plaintiffs filed a seventh amended complaint. The seventh amended complaint alleges for the first time that Barrier's defective work caused damage to the personal property of the condominium owners. The new complaint, however, continues to allege that Barrier had notice of the defective conditions as early as January 2003. Barrier subsequently submitted a second demand for a defense and indemnity to QBE. QBE refused the tender of defense, instead seeking declaratory relief from this court.

## DISCUSSION

**A.    Legal Standard**

A party may move for a judgment on the pleadings at any time after the pleadings are closed, so long as the motion is made early enough not to delay trial. Fed. R. Civ. P. 12(c). Judgment pursuant to Rule 12(c) is appropriate when "'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000) (quoting Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989)). A motion for judgment on the pleadings under Rule 12(c) is subject to the same

3

standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See id. at 368 n.6. Accordingly, in considering a 12(c) motion, the court accepts all well-pled allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Id. at 368.

**B.     Analysis**

    **1.     Necessary Parties**

As a threshold matter, Barrier argues that QBE's declaratory judgment action should fail because QBE has not named the plaintiffs in the underlying action as defendants. In support of this contention, Barrier cites several cases for the proposition that under Illinois law the underlying plaintiffs are required parties in a declaratory judgment action by an insurance company against the insured seeking a determination of the insurer's duty to defend. See Fathers of the Order of Mount Carmel, Inc., 697 F. Supp. at 972 ("seeking declaratory judgment that defendants are obligated to defend plaintiffs"); Winklevoss Consultants, Inc. v. Federal Ins. Co., 174 F.R.D. 416 (N.D. Ill. 1997) (same). Although the court agrees with Barrier that Illinois requires the underlying plaintiffs to be joined as parties to an insurer's declaratory judgment action seeking to define its duty to defend, QBE's present action does not seek such a determination.

Instead, QBE's action asks the court to determine whether claim preclusion bars Barrier's counterclaim seeking a defense. According to QBE, a complete and final determination of its duty to defend has already been made by the Circuit Court. Indeed, Barrier admits in its own motion for judgment on the pleadings that "[t]he narrow issue presented by QBE is whether the prior ruling by [the Circuit Court judge], relating to the Third Amended Complaint, is *res*

4

*judicata* with respect to the Seventh Amended Complaint." If the court were to deny QBE's motion, holding that the Circuit Court declaratory judgment action was not res judicata as to QBE's duty to defend, the issue as to whether QBE has a duty to defend Barrier in light of the seventh amended complaint would remain. Only Barrier's counterclaim seeks a determination of QBE's duty to defend, and Barrier has chosen not to join the underlying plaintiffs.

Even assuming *arguendo* that the court was presently tasked with determining QBE's duty to defend, the interests of the underlying plaintiffs are adequately protected in light of Barrier's counterclaim. See Winklevoss, 174 F.R.D. at 418 ("the injured parties need not be joined because they are protected by the insured's initiation of declaratory judgment proceedings"). Moreover, the underlying plaintiffs have no stake in which lawyers defend Barrier, which would be the only issue before this court, as "either way it must face an adversary." Id. ( distinguishing an indemnity action, "which, if lost by the insured, could eliminate a source of funds for the injured party."). Because Barrier has failed to meet its burden of establishing that the underlying plaintiffs are required parties pursuant to Fed. R. Civ. P. 19(a), the court rejects Barrier's argument as to this issue.

**2.     Res Judicata**

QBE argues that pursuant to the doctrine of res judicata, Barrier is barred from relitigating its counterclaim that QBE has a duty to defend in the underlying action. According to QBE, the Circuit Court's ruling in the original declaratory judgment action that Barrier breached the insurance policy's notice requirement precludes Barrier's right to a defense in the underlying action regardless of how many times the complaint in the underlying action is amended.

Res judicata is an affirmative defense dependent upon the Full Faith and Credit Statute, 28 U.S.C. § 1738, which requires federal courts to give a state court judgment the same preclusive effect it would have in state court. Long v. Shorebank Dev. Corp., 182 F.3d 548, 560 (7th Cir. 1999). "'When the state judgment would not preclude litigation in state court of an issue that turns out to be important to a federal case, the federal court may proceed; otherwise not.'" Id. (quoting GASH Assocs. v. Village of Rosemont, 995 F.2d 726, 728 (7th Cir.1993)). Because an Illinois court rendered the order at issue, this court must apply Illinois law to determine whether res judicata bars Barrier's present counterclaim. Id.

Under Illinois law, a claim is precluded when there is: "(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or privies in the two suits." Doe v. Allied–Signal, Inc., 985 F.2d 908, 913 (7th Cir. 1993). The party seeking to invoke res judicata bears the burden of proving that the doctrine bars the second action. Hernandez v. Pritikin, 981 N.E.2d 981, 991 (Ill. 2012). Barrier does not dispute that the parties' identities are the same in the two actions nor that the Circuit Court decision was a final judgment on the merits. Accordingly, claim preclusion will apply if the cause of action in each suit is the same.

Barrier first argues that "[t]he change in facts between the 3rd and 7th Amended Complaints makes the application of *res judicata* impossible." According to Barrier, "new facts and conditions have been alleged in the 7th Amended Complaint establishing a new basis for the claims." Barrier contends that "[t]he issue litigated in [the Circuit Court declaratory judgment

6

action] was whether there was an 'occurrence' alleged in the 3rd Amended Complaint," which the Circuit Court determined there was not. Given the additional allegation in the seventh amended complaint that the personal property of condominium owners was damaged by its defective work, Barrier argues that "a different occurrence is now alleged that triggers the QBE policies." For this reason, Barrier contends that there is no identity of the causes of action between the two declaratory judgment actions. The court disagrees.

Illinois courts apply the "transactional test" when determining whether there is an identity of the causes of action. Cooney v. Rossiter, 986 N.E.2d 618, 622 (Ill. 2013). Under this test, "'separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief.'" Hanna v. City of Chicago, No. 03-C-2321, 2003 WL 22024987, at *2 (N.D. Ill. Aug. 27, 2003) (quoting River Park, Inc. v. City of Highland Park, 703 N.E.2d 883 (Ill. 1998)).

Without question, Barrier's counterclaim seeking a declaration that it is entitled to a defense by QBE in light of the seventh amended complaint arises out of the same single group of operative facts as the original Circuit Court declaratory judgment action. Contrary to Barrier's contentions, the operative facts alleged in the seventh amended complaint as they relate to Barrier have not changed from those alleged in the third amended complaint. Both the third amended complaint and the seventh amended complaint allege that Barrier performed defective work in installing concrete slabs, that Barrier knew of this defective work since at least 2003,

and that the defective work caused an array of damages. The only factual change in the seventh amended complaint related to Barrier is that the same defective work that Barrier was alleged to have performed in the third amended complaint and was allegedly on notice of in 2003, not only damaged the building itself, but also the condominium owners' personal property.

Barrier further argues that "the lack of contractual analysis of whether Barrier breached the QBE policies' late notice provisions by the [Circuit] Court in [the first declaratory judgment action] to support its finding of lack of notice underscores the fact that the late notice finding was not necessary to the [] court's finding of no duty to defend in favor of QBE." Because the Circuit Court had already determined that the underlying complaint had not alleged an "occurrence" within the meaning of the insurance policy, Barrier contends that the court's subsequent finding that Barrier breached the insurance policy's notice provision was dicta. Consequently, Barrier argues that the notice finding by the Circuit Court is not subject to res judicata.

While the Circuit Court found that the events alleged in the third amended complaint did not constitute to an "occurrence" as required under the policy, the court's opinion was not limited to this single issue. Because QBE sought summary judgment on both of its counts, the court also addressed and ruled on QBE's second claim that Barrier was not entitled to a defense because it had violated the insurance policy's notice requirement. As discussed above, under the insurance policy, Barrier was required to notify QBE "as soon as practicable of an 'occurrence' or an offense which may result in a claim." The amount of contractual analysis the court

engaged in has no bearing on its ultimate finding that Barrier breached this provision by waiting seven years to notify QBE of the potential claim, thereby precluding its right to a defense by QBE.

Additionally, and contrary to Barrier's argument, the Circuit Court's two rulings are not contradictory.[3] While the court did not find that the facts alleged in the third amended complaint qualified as an "occurrence" under the policy, its subsequent holding that the notice requirement was violated is not necessarily based on there having been an "occurrence." Instead, in analyzing the notice issue, the Circuit Court discussed a multitude of case law concerning notice provisions, finding that "more than seven years elapsed between the time that Barrier was originally on notice of its defective workmanship in or around 2003, and when Barrier notified QBE of an actual claim against it," and that this amount of time constituted an unreasonable delay. The Circuit Court did not qualify the defective workmanship as an occurrence in reaching this holding. Moreover, the contractual provision requires not only notice of an "occurrence," but also an "offense," which is not defined by the policy.

The Circuit Court, ruling on the parties' cross motions for summary judgment on both of QBE's counts, issued a final judgment that the notice requirement of the insurance policy had been breached. Although Barrier now argues that an appeal of this final order would have been frivolous in light of the court's holding that the third amended complaint did not allege an "occurrence," this position is incorrect. A successful appeal on the notice holding could have

---

[3] Barrier contends that because the Circuit Court did not find an "occurrence" as defined by the policy, "there was no contractual duty for [it] to provide pre-suit notice to QBE."

prevented the circumstances Barrier now finds itself in, and is presumably the reason that QBE's initial declaratory judgment action pursued two grounds upon which to deny a defense.

Because the Circuit Court declaratory judgment action shared the same cause of action as Barrier's present counterclaim for declaratory judgment, the court finds that pursuant to the doctrine of res judicata Barrier is bared from relitigating its right to a defense by QBE in the underlying action.

## **CONCLUSION**

For the foregoing reasons, the court grants QBE's motion for judgment on the pleadings and denies Barrier's motion for judgment on the pleadings.

**ENTER:** May 15, 2015

_____
**Robert W. Gettleman**
**United States District Judge**